| | |
|---|---|
| J.P., by his foster mother and next friend, ALISHA OGDEN,<br><br>    Plaintiff,<br><br>v.<br><br>BELTON SCHOOL DISTRICT 124,<br>MISSOURI STATE BOARD OF EDUCATION,<br>DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, and<br>OFFICE OF SPECIAL EDUCATION,<br><br>    Defendants. | Case No. 4:20-cv-00189-NKL |

## ORDER

Pending before the Court is Defendant Belton School District 124's Motion to Sever, Doc. 17, and Plaintiff J.P.'s Motion for Leave to File his First Amended Complaint, Doc. 21. For the reasons stated below, Defendant's motion is denied and Plaintiff's motion is granted.

### I. Background

Plaintiff J.P. is a nine-year-old boy who has a severe intellectual disability. Doc. 1 (Complaint), ¶ 20. On February 20, 2018, J.P. enrolled in Belton School District and subsequently began attending Kentucky Trail Elementary School. *Id*. ¶¶ 21, 28. However, on May 3, 2018, Belton School District changed J.P.'s placement to one of the Missouri State Schools for the Severely Disabled ("MSSSD"). *Id*. ¶¶ 28. J.P.'s mother challenged J.P.'s IEP and placement outside of his least restrictive environment in an Individuals with Disabilities Education Act ("IDEA") administrative complaint, but after a hearing, the Administrative Hearing Commission

1

("AHC") found in favor of Belton School District and determined that J.P.'s IEP and placement were appropriate. *Id*. ¶¶ 48–49.

J.P, by his foster mother and next friend Alisha Ogden, subsequently filed this cause of action pursuant to the IDEA, 20 U.S.C. § 1400 et seq., and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. He seeks judicial review and reversal of the special education hearing decision against Defendant Belton School District ("District Defendant") in Count I as well as declaratory and injunctive relief and damages from Defendants Missouri State Board of Education, Department of Elementary and Secondary Education, and Office of Special Education ("State Defendants") for discriminatory exclusion in Count II. *Id*. at pp. 15–17.

## II. Discussion

### a. Plaintiff J.P.'s Motion to Amend his Complaint

On June 1, 2020, Plaintiff J.P. filed a Motion for Leave to File his First Amended Complaint. Doc. 21. The Amended Complaint adds a claim under the ADA as well as Section 504 of the Rehabilitation Act against District Defendant for retaliation, alleging that as a result of J.P. and his mother's expressed intent to pursue an appeal of the AHC's decision, Defendant District made false reports of child abuse and neglect in bad faith to the Missouri Department of Social Services, Children's Division. *See* Doc. 21-1. Plaintiff did not include this claim in the originally filed Complaint, as he was awaiting records from the Department of Social Services that would allow him to allege with greater specificity details surrounding the reports. However, as the deadline to amend pleadings was set for June 1, 2020, and Plaintiff still had not received the requested records, he filed this motion based on information and belief according to the details

2

already known. Responses in opposition to this motion were due on June 15, 2020, and none were filed.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the Court's consent, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. "However, there is no absolute right to amend and a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend." *Doe v. Cassel*, 403 F.3d 986, 990–91 (8th Cir. 2005).

Here, there is no evidence of undue delay, bad faith, or dilatory motive, and there have been no failures to cure deficiencies by amendments previously allowed. The only delay here was Plaintiff's reasonable decision to wait for more records in order to be able to describe with greater specificity the events underlying the claim. Further, the Court fails to see any prejudice to any party at this early stage of the litigation, and no Defendant has opposed Plaintiff's motion or asserted that such prejudice exists. Therefore, Plaintiff's Motion for Leave to File his First Amended Complaint is granted.

### b. Defendant District's Motion to Sever

In District Defendant's Motion to Sever, it argues that it and the State Defendants were improperly joined in one action and therefore severance of Count I, against District Defendant under the IDEA, from Count II, against the State Defendants for violations of the ADA, is warranted.

Federal Rule of Civil Procedure 20 permits a Plaintiff to join Defendants in one action if:

(a) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

3

(b) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "As the Eighth Circuit has repeatedly recognized, Rule 20 permits 'all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Shoop v. Forquer*, No. 2:19-CV-45 SPM, 2019 WL 3777827, at *7 (E.D. Mo. Aug. 12, 2019) (quoting *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010)). "The purpose of the Rule is to entertain 'the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, No. 04-3421-CV-S-RED, 2006 WL 8452698, at *1 (W.D. Mo. July 10, 2006) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Rule 20 is also intended to "'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Shoop*, 2019 WL 3777827 at *7 (quoting *Mosley*, 497 F.2d at 1332-33). *See also* 7 Charles A. Wright et al., *Federal Practice and Procedure*, § 1653 (3d ed. 2001) ("The transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.") Upon misjoinder, a "court may [] sever any claim against a party." Fed. R. Civ. P. 21.

District Defendant argues that "[d]ue to the distinct facts, distinct laws, distinct standards of review, discovery required, and relief available on each count, joinder of the Defendants in this matter is not appropriate." Doc. 18, p. 4. The Court disagrees, because the claims here arise out of the same "transaction, occurrence, or series of transactions or occurrences" and will raise common questions of fact.

"The same transaction or occurrence standard encompasses 'all logically-related claims' by or against different parties." *Curtis v. Daviess-Dekalb Reg'l Jail Dist.*, No. 08-6075-CV-SJ-

4

GAF, 2008 WL 11429374, at *1 (W.D. Mo. Dec. 22, 2008) (internal quotations omitted). "The Eighth Circuit construes the term 'transaction' broadly, finding Rule 20 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Robinson v. Midwest Div.-RMC, LLC*, No. 4:19-CV-0934-SRB, 2020 WL 2151880, at *1 (W.D. Mo. May 5, 2020) (quoting *Mosley*, 497 F.2d at 1333); *see also In re Prempro Prod. Liab. Litig.*, 591 F.3d at 622 ("In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'")

The transaction or occurrence at issue here is the placement of J.P. at the MSSSD school. J.P.'s IDEA claim focuses on whether such a placement provides him a free and appropriate education in the least restrictive environment, and his ADA claim focuses on whether the placement is unjustified segregation that rises to the level of discrimination on the basis of a disability. Nonetheless, both claims stem from the same transaction or occurrence and are "reasonably related," particularly in light of the Eighth Circuit's broad interpretation of the Rule.

As to common question of law or fact, "Rule 20 does not require that all questions of law and fact raised in the case be common." *Reznik v. HMSHost Corp.*, No. 4:15-CV-648 CAS, 2016 WL 233242, at *2 (E.D. Mo. Jan. 20, 2016). "[J]oinder is proper if '*any* question of law or fact common to all plaintiffs will arise.'" *Robinson*, 2020 WL 2151880 at *1 (quoting Fed. R. Civ. P. 20(a)(1)(B)) (emphasis in *Robinson*).

District Defendant argues that the two claims involve different federal laws and standards of review, as one is a review of an administrative action under the IDEA and the other involves reviewing a new claim under the ADA. But while the legal analysis may differ across the claims here, the Court is not convinced that these differences present difficulties that would warrant severance. As to the IDEA claim against the District, the Court is confident in its ability to restrict

5

its consideration to the record before the state administrative agency and under the appropriate standard of review. *See W. Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) ("The IDEA permits a reviewing court to admit additional evidence to supplement the record if a party has a solid justification for doing so. Rendering a decision on the record compiled before the administrative agency, however, is the norm." (internal citations omitted)). District Defendant contends that "[a]dditional discovery conducted relative to the ADA claims against the State Defendants will not be relevant or appropriate for consideration in review of the records of the AHC's decision." Doc. 24, p. 3. Even if true, this does not mean that, conversely, information before the administrative agency will not be relevant or appropriate for consideration in Plaintiff's ADA claim against the State Defendants such that consideration of the two claims in the same action will further the interests of judicial economy.[1] Indeed, Plaintiff argues that in both claims, "J.P. would present the same facts concerning his placement outside of his local school district, the potential for the provision of services without a change of placement, and the harms of segregation," Doc. 20, p. 7, and "[o]ne primary question is whether J.P.'s placement at the segregated State Schools for the Severely Disabled is appropriate." *Id*. at p. 4. District Defendant does not dispute that these questions will be at issue or are shared across the claims in its Reply brief. Thus, on the record before the Court, it appears common question of fact exist here.

In considering whether joinder is proper, courts may also consider whether severance of claims will avoid prejudice to any party. *See Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th

---

[1] Further, as Plaintiff notes, the additional ADA and RA retaliation claim asserted against District Defendant in his Amended Complaint, which District Defendant did not oppose, "will inevitably lead to additional discovery against Defendant District outside the administrative record." Doc. 20, p. 9. Therefore, to the extent that District Defendant argues that being involved in a proceeding that involves discovery beyond the administrative record is unduly burdensome, this argument is even more inapt in light of this new claim.

6

Cir. 2001) ("If joinder would create prejudice, expense or delay the court may deny the motion [to join a party]." (internal quotations omitted)); *Corporan v. City of Binghamton*, No. 05-CV-1340, 2006 WL 2970495, at *3 (N.D.N.Y. Oct. 16, 2006) (considering "whether prejudice would be avoided if severance were granted" and "whether one of the parties to the litigation will suffer a substantial hardship as a result of either severance or joinder," among other factors). The District Defendant argues that it and J.P. will be harmed if the two claims are not severed, because allowing the two claims to proceed in one action will unnecessarily delay the proceedings, thereby harming the District by expanding any appeal time and expense and harming J.P. because the IDEA requires him to stay in his current replacement which the AHC determined was inappropriate.[2] However, Defendant does not explain and the Court does not see how allowing the claims to proceed together would place additional discovery burdens on the District Defendant or substantially increase its appeal time or expense. Further, the District Defendant's argument that J.P.'s continued placement at Kentucky Trail is inappropriate and presents a threat to his well-being assumes the result of this lawsuit, which addresses that very question. The essence of J.P.'s Complaint is that he would be harmed if transferred to the MSSSD school. At this stage, the Court is satisfied that J.P.'s foster mother and counsel are adequately representing his interests and that his continued placement at Kentucky Trail is not a reason to sever these claims. As to the District Defendant's argument that continuation of the lawsuit with the two claims being joined risks J.P.'s privacy, the Court is confident that the mechanisms available to the Court for preserving J.P.'s privacy, as well as both Plaintiff J.P.'s and District Defendant's expressed concern for this privacy, will ensure that as the

---

[2] Federal regulations provide that during the pendency of any administrative or judicial proceeding regarding a due process complaint, the child involved "must remain in his or her current educational placement." 34 C.F.R. § 300.518(a). Therefore, J.P. remains in his current educational placement and has not yet transferred to the MSSSD school.

litigation proceeds J.P.'s privacy is not impeded. Further, as a practical matter, it is unclear how maintaining two separate actions rather than consolidating the claims into one action would decrease privacy risks.

District Defendant cites an unpublished decision from Magistrate Judge Sarah W. Hays finding that severance of claims was warranted, *see* Doc. 24-1, but the facts here are distinguishable. In *J.B. v. Avilla R-XIII School District*, two students and their parents pursued four claims against a school district under Section 504 of the RA and Title II of the ADA. Magistrate Judge Hays found that the claims should be severed, because "[b]ased upon the complaint, it is clear that the disability each student suffers from is different and the allegations of the way in which each of their rights to an education have allegedly been violated are different. Likewise, the services and educational materials the parents/guardian allege they were required to provide when the school district allegedly failed to provide the materials is different for each student and would appear to require an individualized inquiry." *Id*. at p. 4. Here, however, there are not two students with different disabilities or parents/guardians who were denied provision of materials that would require an individualized inquiry—there is only J.P.

To be sure, Plaintiff's ADA claim against State Defendants appears to seek the broad relief of enjoining the current operation of MSSSD schools in favor of a more integrated education setting. *See* Doc. 1, pp. 16–17. As the Court stated in a prior Order, "[t]here is not a class certified here nor has there been a request for class certification in this action. Rather, there is a single Plaintiff. Therefore, the injury that the Court considers is the injury to J.P., and if J.P. prevails, the ultimate remedy will be limited to that which is needed to cure his injury under the ADA." Doc. 33 (Order), p. 7. But despite the uncertain scope of the remedy sought in Plaintiff's ADA claim against State Defendants, as discussed above, both claims arise out of the same transaction or

occurrence of J.P.'s placement at MSSSD and involve common questions of fact. "[D]istrict courts within the Eighth Circuit have widely recognized the Eighth Circuit's liberal construction of the Rule 20 permissive joinder standard and a district court's broad discretion to determine whether joinder is appropriate on a case-by-case basis." *Robinson*, 2020 WL 3317614, at *2 (citing *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. CV 17-2002 (JRT/LIB), 2019 WL 79003, at *4 (D. Minn. Jan. 2, 2019); *Larson Mfg. Co. of S. Dakota, Inc. v. W. Showcase Homes, Inc.*, No. 4:16-CV-04118-VLD, 2018 WL 6528250, at *14 (D.S.D. Dec. 11, 2018); *Black v. Shulkin*, No. 4:16 CV 2145 CDP, 2017 WL 6316800, at *1 (E.D. Mo. Dec. 11, 2017); *Bath Junkie Branson, L.L.C.*, 2006 WL 8452698, at *1–2)). Under these liberal standards and on the arguments presented, the Court finds that joinder here was proper and declines to use its discretion to sever the claims.

The District Defendant also requests alternative relief of ordering a separate trial/review between the parties in this matter to avoid unnecessary delay and prejudice. The Federal Rules permit a court to "order a separate trial of any claim or issue . . ." *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (citing Fed. R. Civ. P. 42(b)). At this stage, the Court cannot say that such an order is necessary. To the extent that a need for separate proceedings becomes apparent as the litigation progresses, the District Defendant may seek such relief from the Court.

In sum, the Court finds that the requirements of Rule 20 have been met and District Defendant has failed to provide reasons sufficient to necessitate the severance of the claims here.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to File his First Amended Complaint is granted. Plaintiff must file and serve his amended pleading within seven days of the date of this Order in accordance with Local Rule 15.1(b). Defendant District's Motion to Sever is denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 19, 2020  
Jefferson City, Missouri